# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| VINCEL K. CHAMBERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17−cv−0038−JPG |
| | ) | |
| RANDY YOUNG, | ) | |
| MAYNOR HILL, | ) | |
| DON MCNAUGHTON, | ) | |
| DAVID JOSEPH, and | ) | |
| T. MIKE DIXON, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Vincel K. Chambers, an inmate in Hill Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that occurred while he was incarcerated at Madison County Jail. Plaintiff requests a declarative judgment, compensatory damages, punitive damages, and fees and costs. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

### **The Complaint**

Plaintiff was incarcerated at Madison County Jail between August 22 and September 6, 2016. (Doc. 1, p. 5). While there, McNaughton refused to give him his medication and deprived him of a meal. *Id.* McNaughton also encouraged other inmates to assault Plaintiff. *Id.* McNaughton and Young taunted and harassed Plaintiff, causing him to consider suicide. *Id.* McNaughton, Hill, Young, Dixon, and Joseph refused to allow Plaintiff to file grievances or speak with a mental health professional. (Doc. 1, p. 6). Young and McNaughton disclosed information about Plaintiff's personal life that put him in direct danger from others. *Id.*

### **Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 7 counts. The parties and the Court will use these designations in all future

pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claim survives threshold review:

> **Count 1 –** McNaughton, Hill, Young, Dixon, and Joseph were deliberately indifferent to Plaintiff's serious medical need when they refused to allow Plaintiff to speak to a mental health professional.

Plaintiff has also attempted to articulate other claims, but for the reasons stated below, those claims will be dismissed at this time:

> **Count 2 –** McNaughton deprived Plaintiff of his medication in violation of the Eighth Amendment;
>
> **Count 3 –** McNaughton deprived Plaintiff of a meal in violation of the Eighth Amendment;
>
> **Count 4 –** McNaughton and Young failed to protect Plaintiff from other inmates when they solicited violence against Plaintiff by revealing details about his private life in violation of the Eighth Amendment;
>
> **Count 5 –** McNaughton and Young intentionally inflicted emotional distress on Plaintiff in violation of Illinois State law when they verbally abused and harassed him;
>
> **Count 6 –** McNaughton and Young violated the Eighth Amendment when they verbally harassed Plaintiff using racial epithets;
>
> **Count 7 –** McNaughton, Hill, Young, Dixon and Joseph denied Plaintiff his due process of law in violation of the Fourteenth Amendment when they refused to allow him to file grievances.

As an initial matter, it is not clear from the pleadings what Plaintiff's status was at the time of the relevant incidents. Different standards of law apply depending on whether Plaintiff was a pretrial detainee or a convicted prisoner. It appears that Plaintiff entered IDOC custody immediately following his time in the Madison County Jail, which creates an inference that he was a convicted prisoner while housed there. For the purposes of this order, the Court will presume that Plaintiff was a convicted prisoner at the time of the relevant events, although he

3

should clarify his status in any future filings. The Court does not believe that Plaintiff's status would be dispositive of any issues discussed in this order.

As to Plaintiff's **Count 1**, prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Here, Plaintiff has alleged that he suffered from suicidal ideation, and was deprived access to mental health services. Although Plaintiff cannot recover compensatory damages on a claim where there has not been a physical injury, nominal and punitive damages may be available. 28 U.S.C. § 1915e(e). Because it is plausible that suicidal ideation could constitute a serious medical need, and because Plaintiff has alleged that the Defendants deprived him of any treatment, **Count 1** will proceed at this time.

However, although **Count 2** also raises a deliberate indifference claim, it shall be dismissed without prejudice for failure to state a claim. Although Plaintiff has alleged that he

4

was deprived of his medication, he has not identified the condition that the medication was intended to treat. Without knowing the medical condition at issue, the Court cannot say that Plaintiff has made a plausible allegation that he suffered from a *serious* medical need. Medication is dispensed for a great variety of ailments, not all which would rise to that level. Plaintiff may request to file an amended complaint on this count, if he so desires.

Plaintiff's claim in **Count 3** that he was denied access to a single meal will be dismissed with prejudice as frivolous. Correctional officials are obligated to provide "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *French v. Owens,* 777 F.2d 1250, 1255 (7th Cir.1985), *cert. denied,* 479 U.S. 817, (1986) (quoting *Ramos v. Lamm,* 639 F.2d 559, 571 (10th Cir.1980), *cert. denied,* 450 U.S. 1041 (1981)). Withholding food is not a *per se* objective violation of the Constitution; courts must assess the amount and duration of the deprivation. *Reed v. McBride,* 178 F.3d 849, 853 (7th Cir.1999).

Although the Complaint is vague throughout, it suggests that Plaintiff missed only a single meal. That is not sufficient to allege a constitutional violation. *See Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (noting that denial of one out of every nine meals is not a constitutional violation); *but see Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999) (denial of food for 3 to 5 days at a time created a genuine issue of material fact as to an inmate's Eighth Amendment claim). **Count 3** will therefore be dismissed with prejudice as legally frivolous.

Plaintiff has also been too vague in **Count 4**. Plaintiff alleges that both Young and McNaughton deliberately disclosed certain information that placed Plaintiff in danger from other inmates, and that McNaughton encouraged other inmates to attack Plaintiff. Harassment may become actionable where it involves a "credible threat to kill, or to inflict any other physical

5

injury." *Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 446 (7th Cir. 2009). Allegations that a prison officer has provoked or persuaded other inmates to cause harm to a plaintiff support an inference that the officer attempted to inflict injury on the plaintiff in violation of the Eighth Amendment. *See Irving v. Dormire*, 519 F.3d 441, 449 (8th Cir. 2008) (officer's attempt to have other inmates attack plaintiff may violate Eighth Amendment, even where the plaintiff was not actually assaulted); *Northington v. Jackson*, 973 F.2d 1518, 1525 (10th Cir. 1992) (Eighth Amendment claim stated where guard "intended to do harm to [a prisoner] by inciting inmates to beat him[;]" guard told other inmates that plaintiff was a snitch).

Here Plaintiff has failed to state a claim because his allegations are conclusory. He has not disclosed the specific threat or language used by the guards. He has not specifically pleaded what detail of his personal life the guards disclosed. He has not pleaded that he was actually harmed, and he has not provided any facts making it plausible that his fear of harm was legitimate. On these facts, it is not a reasonable inference that the guards intended to harm Plaintiff by inciting others to attack Plaintiff. As currently written, the Complaint does not meet the standards in *Iqbal* and *Twombly*. **Count 4** will therefore be dismissed without prejudice for failure to state a claim. Plaintiff may file an amended complaint regarding this claim, if he so chooses.

Although similar, **Count 5** arises under a different legal theory. **Count 5** is not a constitutional claim at all; it arises under Illinois State law and is before this Court on the grant of supplemental jurisdiction in 28 U.S.C. § 1367(a), which is available as long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options*

*of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)). Plaintiff's claim for intentional infliction of emotional distress arises from the same facts that give rise to his other claims. The Court therefore has supplemental jurisdiction over the claim.

However, the Complaint offers insufficient allegations in support of this claim. Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that the defendant intentionally or recklessly engaged in "extreme and outrageous conduct" that resulted in severe emotional distress. *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006); *see Lopez v. City of Chi.*, 464 F.3d 711, 720 (7th Cir. 2006). The tort has three components: (1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional distress. *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988). To be actionable, the defendant's conduct "must go beyond all bounds of decency and be considered intolerable in a civilized community." *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001) (citing *Kolegas v. Heftel Broad. Corp.*, 607 N.E.2d 201, 211 (Ill. 1992); *Campbell v. A.C. Equip. Servs. Corp., Inc.*, 610 N.E. 2d 745, 749 (Ill. App. 1993)). Whether conduct is extreme and outrageous is judged by an objective standard, based on the facts of the particular case. *Honaker*, 256 F.3d at 490.

Although his allegations are vague, Plaintiff has alleged that he suffered from some symptoms of emotional distress. But his claims about the conduct involved are too vague to support a claim on threshold review. Plaintiff has alleged that he was "taunted" and "harassed" but he has provided no facts that make it plausible that the conduct involved was "truly extreme and outrageous." Additionally, without facts describing the conduct at issue, it is impossible for

the Court to find that Plaintiff has plausibly alleged that the defendants intended to inflict severe emotional distress or knew that their conduct was likely to do so. Plaintiff has not adequately pleaded the first 2 elements of an intentional infliction of emotional distress claim, and so **Count 5** must be dismissed without prejudice for failure to state a claim.

Plaintiff cannot recover under the theory presented in **Count 6**. While distasteful, allegations of verbal harassment typically state no claim under the Eighth Amendment. *Dobbey v. Ill. Dep't of Corrections,* 574 F.3d 443, 446 (7th Cir. 2009). *See also DeWalt v. Carter,* 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws"); *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) (reaffirming that limited verbal harassment states no claim, but qualifying that in certain circumstances, verbal harassment may rise to the level of cruel and unusual punishment).

All Plaintiff has alleged here is simple verbal harassment, and his allegations on that point are quite vague. He has not alleged that the verbal harassment was coupled with other conduct such that the harassment rose to the level of cruel and unusual punishment. Plaintiff's allegations do not make it plausible that he suffered from anything other than simple verbal harassment, and simple verbal harassment standing alone does not constitute an Eighth Amendment claim. **Count 6** will be dismissed with prejudice as legally frivolous.

Finally, **Count 7** is also legally frivolous. Plaintiff has alleged that Defendants failed to respond to his grievances on the above conduct, but he has no constitutional interest in the grievance process. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow

their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). Therefore **Count 8** will be dismissed with prejudice as legally frivolous.

### Pending Motions

Plaintiff's Motion to Proceed IFP will be addressed by separate order. (Doc. 3) Plaintiff's Motion requesting counsel will be addressed by the magistrate judge assigned to this case. (Doc. 4).

### Disposition

**IT IS HEREBY ORDERED** that **Count 1** survives threshold review against Defendants McNaughton, Hill, Young, Dixon, and Joseph. **Counts 3, 6 and 7** are **dismissed with prejudice** as legally frivolous and Plaintiff may not proceed on those claims. **Counts 2, 4 and 5** are **dismissed without prejudice** for failure to state a claim, and Plaintiff may file an amended complaint regarding those claims.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants McNaughton, Hill, Young, Dixon, and Joseph: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the

full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 17, 2017**

*s/J. Phil Gilbert*
**U.S. District Judge**
